IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENVIRONMENTAL TECTONICS CORPORATION, Plaintiff, | ) | No. 05-746C (Judge Susan G. Braden) |
| v. | ) | |
| THE UNITED STATES, Defendant | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A, paragraph III, 4, of the Rules of this Court ("RCFC"), the parties file the following joint preliminary status report:

(a) Jurisdictional Basis Upon Which Plaintiff Relies

Plaintiff's action arises pursuant to an express contract between Environmental Tectonics Corporation ("ETC") and the United States, through the Department of the Navy. The action is brought on an appeal from a final decision of the contracting officer denying ETC's certified claim. ETC states that this Court possesses jurisdiction to entertain this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 609, and the Tucker Act, as amended, 28 U.S.C. § 1491. Defendant is currently not aware of any reason why this Court would not possess jurisdiction to entertain plaintiff's challenge to the Navy's denial of its certified claim. The Government, however, contends that this Court does not possess jurisdiction to entertain ETC's claims for attorney's fees. ETC contends that the foregoing costs are recoverable for breach of contract and that attorney fees incurred in contract administration matters may be recoverable.

(b) Consolidation

The parties do not believe that this case should not be consolidated with any other case.

(c) Bifurcation

The parties are not aware of any reason why liability and damages should be tried separately.

(d) Deferral

The parties do not believe that further proceedings in this action should be delayed pending consideration of another case by this Court.

(e) Remand/Suspension

The parties do not intend to request remand or suspension.

(f) Joinder

The parties do not believe that additional parties should be joined.

(g) Dispositive Motions

The Government may file a motion to dismiss, pursuant to RCFC 12(b), ETC's claims for lost profits (Section IX), for financing costs (Section XI), for claim preparation costs (Section XIV), for restitution (Count IX), and for attorney's fees (Count XI). In addition, the Government may file motions for summary judgment, pursuant to RCFC 56, regarding ETC's claims that the contract was, in fact, a cost-reimbursement research and development contract rather than a fixed price supply contract (Count I); that the Government breached the implied duty of good faith and fair dealing (Count VII); and that the Government breached the contract by withholding superior knowledge (Count VIII). While the parties agree that it is unlikely that other dispositive motions will be filed, the parties request that, on or before 30 days after the conclusion of discovery, they

be allowed to file a status report regarding the appropriateness of filing dispositive motions.

(h) Relevant Issues

Plaintiff's Statement Regarding The Relevant Issues

ETC's Factual Issues

1.) Whether the Government adequately disclosed to offerors, including ETC, the amount of developmental work necessary to manufacture the submarine decompression chambers.

2.) Whether the Government and ETC understood the amount of developmental and engineering work that would be necessary to manufacture the submarine decompression chambers.

3.) Whether the technical data package, including the drawings, was adequate to construct the submarine decompression chambers without significant additional design work not contemplated by the parties.

4.) Whether the technical data package, including the drawings, were defective and unsuitable for constructing the submarine decompression chambers and required ETC to perform additional design and engineering work.

5.) Whether the parties understood the complexity that a six percent reduction in the weight of the submarine decompression chambers (modification P0001) introduced into the design, engineering, and manufacturing effort necessary to perform the contract.

6.) Whether the Government knew prior to contract award that it would need to modify the resulting contract to reduce the weight of the submarine decompression chambers and failed to disclose that information to ETC and other offerors.

7.) Whether the Government's post-award decision to change the maximum weight of the submarine decompression chambers resulted in increased costs to ETC.

8.) Whether the Government demanded ETC to perform any other out-of-scope work during the course of the contract, leading to additional costs being incurred by ETC.

9.) Whether the Government's instructions to ETC during the course of the contract led to duplicative and unnecessary design efforts.

10.) Whether the Government's instructions to ETC during the course of the contract required ETC to perform unnecessary or out-of-scope analyses.

11.) Whether any contract modifications or out-of-scope work performed by ETC resulted in delay and disruption costs not included in any contract modification.

12.) Whether any defects in the specifications or drawings delayed ETC's performance under the contract and imposed additional costs on ETC.

13.) Whether the Government unreasonably delayed in responding to ETC's requests for information and whether such delays resulted in additional costs to ETC.

14.) Whether the Government unreasonably delayed reviewing ETC submittals under the contract and whether such delays imposed additional costs on ETC.

15.) Whether the Government failed to make timely payments to ETC and whether such delays resulted in additional costs to ETC.

16.) Whether any other action or inaction by the Government resulted in ETC incurring additional costs.

17.) Whether the contracting officer's denial of ETC's claim was proper.

<u>ETC's Legal Issues</u>

1.) Whether ETC and the Government were mutually mistaken about the accuracy of the technical data package, including the drawings, for its intended purpose.

2.) Whether ETC and the Government were mutually mistaken that the technical data package was adequate to undertake a firm-fixed price contract.

3.) Whether ETC assumed the risk that the technical data package, including the drawings, was adequate to construct the submarine decompression chambers.

4.) Whether the Government misrepresented the requirements of the contract.

5.) Whether the Government constructively changed the contract.

6.) Whether the collective constructive and other changes constituted a cardinal change to the contract.

7.) Whether the Government breached the duty of good faith and fair dealing.

8.) Whether the Government had superior knowledge concerning the amount of developmental work necessary to manufacture the decompression chambers.

9.) Whether the Government had superior knowledge concerning the complexity of the work required by contract modification P0001, which reduced the maximum weight of the submarine decompression chambers.

10.) Whether ETC is entitled to reformation of the contract from firm-fixed price to cost reimbursable.

11.) Whether ETC is entitled to claim preparation expenses, lost profits, and financing costs if the Government breached the contract.

12.) Whether the Government has waived any right it may have had to claim liquidated damages.

Defendant's Statement Regarding The Relevant Issues

Government's Factual Issues

1.) Whether ETC incurred additional costs as the result of the modification to the contract that changed weight of the SDC.

2.) Whether the contract required that ETC design and build two SDCs that were not identical.

3.) Whether the drawings or specifications were defective.

4.) Whether any alleged defects in the specifications or drawings delayed ETC's performance under the contract.

5.) Whether ETC was required to perform work that was not included in the contract.

Government's Legal Issues

1.) Whether ETC's claim for lost profits is cognizable.

2.) Whether ETC's claim for financing costs is cognizable.

3.) Whether this ETC's claim for claim preparation costs is cognizable.

4.) Whether this ETC's claim for restitution is cognizable.

5.) Whether this Court has jurisdiction to entertain ETC's claim for attorney's fees.

6.) Whether ETC's claim for additional costs incurred as the result of the modification to the contract that changed the weight of the SDC is barred under the doctrine of accord and satisfaction.

7.) Whether ETC's claims for additional costs pertaining to space constraints and

additional design submittals that were the subject of modifications to the contract are barred under the doctrine of accord and satisfaction.

8.) Whether ETC's claim for additional costs pertaining to the communication system is barred under the doctrine of patent ambiguity.

9.) Whether ETC has sustained its burden of proving that ETC and the Government were mutually mistaken as to the form of the contract.

10.) Whether ETC has sustained its burden of proving ETC's unilateral mistakes regarding the contract requirements warrant contract reformation.

11.) Whether ETC has sustained its burden of proving the Government misrepresented the requirements of the contract.

12.) Whether ETC has sustained its burden of proving that the Government constructively changed the contract.

13.) Whether ETC has sustained its burden of proving that the Government caused a cardinal change to the contract.

14.) Whether ETC has sustained its burden of proving the contract required two SDCs that were identical.

15.) Whether ETC has sustained its burden of proving that the Government breached its duty of good faith and fair dealing.

16.) Whether ETC has sustained its burden of proving that the Government failed to disclose superior knowledge.

17.) Whether ETC has sustained its burden of proving that the Government caused delays to the critical path of the performance of the contract.

18.) Whether ETC has sustained it s burden of proving that any acts of the Government caused ETC to incur costs in excess of the contract amount.

19.) Whether the contracting officer's denial of ETC's claim was proper.

(i) Advisability of ADR

The parties are not currently in a position to pursue fruitful settlement discussions. The parties do not believe that ADR is appropriate at this time. The parties will, however, continue to consider the possibility of settlement, and the use of mediation or ADR, throughout the proceedings. ETC believes it appropriate to consider ADR after an exchange of documents occurs, and before witness discovery commences. ETC will likely request a status conference with the court following exchange of documents to discuss the feasibility of ADR.

(j) Possibility of Trial

If this case does not settle, or is not otherwise resolved upon dispositive motion, the parties will proceed to trial that is expected to last from ten to fifteen days. The parties agree that an expedited trial pursuant to paragraph 4(j) of Appendix A is not warranted. The Government believes that the earliest date that it could reasonably be expected to be ready for trial is June 4, 2007. ETC believes that the earliest date by which this case could reasonably be expected to be ready for trial is April 1, 2007. The parties request that the trial be held in Washington, D.C.

Joint Proposed Schedule

Exchange of documents by March 1, 2006.

The Government suggests completion of fact witness discovery by December 1, 2006. The plaintiff suggests completion of fact witness discovery by September 30, 2006.

Designation of expert witnesses by July 1, 2006, and exchange of expert witness reports within 30 days of fact witness discovery being completed.

The Government suggests the completion of expert witness discovery by February 15, 2007. ETC suggests the completion of expert witness discovery by December 31, 2006.

(k) Electronic Filing

The parties are not aware of any special issues regarding electronic case management needs.

(l) Additional Information

The parties are unaware of any other matters which should be brought to the Court's attention at this time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Brian A. Bannon, Esq.
BRIAN A. BANNON, ESQ.
Blank Rome, LLP
600 New Hampshire Avenue, NW
Watergate - Suite 1200
Washington, DC 20037
(202) 772-5905
(202) 772-5858 (Fax)

Attorney for Plaintiff

Dated: December 27, 2005

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-1011
(202) 307-0972 (Fax)

Attorneys for Defendant

Dated: December 27, 2005