IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENVIRONMENTAL TECTONICS CORPORATION, | ) | |
| | ) | No. 05-746C |
| Plaintiff, | ) | (Judge Susan G. Braden) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS CLAIMS FOR INTEREST ON BORROWINGS AND CLAIM PREPARATION COSTS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss count IX of the complaint to the extent it seeks interest and claim preparation costs.[1] In support of this motion, we rely upon the complaint and the following brief.

## STATEMENT OF THE ISSUES

1. Whether this Court possesses jurisdiction to entertain count IX of plaintiff's complaint to the extent it seeks damages for interest paid for funds borrowed to complete performance under the contract.

2. Whether this Court possesses jurisdiction to entertain count IX of plaintiff's complaint to the extent it seeks to recover its claim preparation costs.

## STATEMENT OF THE CASE

### I. Nature Of The Case

The case arises out of a Navy contract awarded to Environmental Tectonics

[1] We are not moving to dismiss ETC's claims for attorney fees and for the return of liquidated damages based upon ETC's representation that ETC will amend its complaint to eliminate those claims.

Corporation's ("ETC") to procure two Submarine Decompression Chambers ("SDC").

Among other claims, ETC alleges in its complaint that, as the a consequence of the Government's alleged actions, it has been required to finance additional costs it has incurred in the performance of the contract, and as a consequence, has incurred $918,672 in financing costs. Complaint ("Compl.") ¶¶ 354, 355. In addition, ETC claims it incurred $178,841 in financing costs as a consequence of delays by the Government in paying its invoices. Compl. ¶¶ 356, 359. Finally, ETC alleges in its complaint that it incurred $100,030 in claim preparation costs. ¶¶ 375, 376. In Count IX of its complaint, ETC seeks damages for "financing costs" and claim preparation costs. Compl. ¶¶ 475-477.

II. Statement Of The Facts

On September 25, 1998, the Navy awarded ETC a contract, in the amount of $3,278,634.58, for the design and manufacture of two SDCs. The SDCs will part of a Submarine Rescue Diving and Recompression System ("SRDRS"). The original contract completion date of April 8, 1999, was extended to August 31, 2003. The contract value was increased to $3,431,304.16.

On November 7, 2002, ETC submitted a"draft claim" to the contracting officer ("CO"). On May 6, 2003, at the request of the CO, ETC certified its claim. On August 7, 2003, January 6, 2004, and April 28, 2004, ETC amended its May 6, 2003 certified claim seeking additional costs and time extensions to the contract.

On July 22, 2004, the CO issued a Final Decision denying all of ETC's claims.

On July 11, 2005, ETC filed a complaint in the Court of Federal Claims seeking not less than $9,109,617.50.

## SUMMARY OF THE ARGUMENT

Because the jurisdiction of this Court in this matter is premised upon the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 et seq., this Court is without jurisdiction to entertain ETC's complaint to the extent it seeks damages for interest ETC allegedly paid to finance its performance under the contract and its claim preparation costs.[2]

## ARGUMENT

### I. Standard of Review For Dismissal for Lack of Subject Matter Jurisdiction

Plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)).

The United States is immune from suit unless it has specifically waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" and its "consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992) (citations and internal quotation marks omitted). A waiver of sovereign immunity cannot be implied but must be "unequivocally expressed." INS v. St. Cyr, 533 U.S. 289, 299 n.

[2] For the purposes of this motion only, the Government accepts as true the allegations in ETC's complaint.

10 (2001). The Tucker Act, 28 U.S.C. § 1491, waives sovereign immunity for causes of action based upon an express or implied contract with the United States. See United States v. Testan, 424 U.S. 392, 400 (1976). A plaintiff in this Court must look beyond the jurisdictional statute, the Tucker Act, for a waiver of sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980).

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all unchallenged facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. This Court Does Not Possess Jurisdiction To Entertain Count IX Of ETC's Complaint To The Extent It Seeks Damages For Interest Paid To Finance Its Performance.

While ETC characterizes its claims for $918,672 and for $178,841 as ones for "financing costs," it is clear that the amounts claimed constitutes interest paid by ETC to lenders to finance its performance under the contract. There is no support for the proposition that ETC can recover such costs from the Government.

The no-interest rule is an "ancient doctrine disallowing interest against the Government, in the absence of an express statute or contractual provision." Singer Company, Librascope Division v. United States, 215 Ct. Cl. 281, 568 F.2d 695 (1977) The doctrine, recognized for well over a century, arose as a result of the "basic rule of sovereign immunity, in conjunction with the [separate] requirement of an agreement to pay interest . . . ." Library of Congress v. Shaw, 478 U.S. 310, 315-16 (1986); see, e.g., United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 658-59 (1947); United States v. Bayard, 127 U.S. 251, 260 (1888). The Supreme Court stated: "The purpose of the

rule was to permit the Government to 'occupy an apparently favored position' by protecting it from claims for interest that would prevail against private parties." Shaw, 478 U.S. at 315-16 (quoting Verdier v. United States, 164 U.S. 213, 219 (1896)). In creating the Court of Claims, Congress retained the Government's immunity against interest and codified the no-interest rule. Id. at 317.

As a general matter, waivers of sovereign immunity against the Government must be construed strictly and cannot be enlarged beyond what the language requires. Shaw, 478 U.S. 318 (citing McMahon v. United States, 342 U.S. 25, 27 (1951); Ruckelshaus v. Sierra Club, 463 U.S. 680, 685-86 (1983)). As the Supreme Court has noted, "[t]he no-interest rule provides an added gloss of strictness upon these usual rules." Id. Pursuant to the no-interest rule, "[t]here can be no consent by implication or by use of ambiguous language. Nor can an intent on the part of the framers of a statute or contract to permit the recovery of interest suffice where the intent is not translated into affirmative statutory or contractual terms." Id. (quoting N.Y. Rayon Importing Co., 329 U.S. at 659). The Supreme Court "consistently has refused to impute an intent to waive immunity from interest into the ambiguous use of a particular word or phrase in a statute." Id. at 320; see also Hartog Foods International, Inc. v. United States, 291 F.3d 789, 791 (Fed. Cir. 2002) ("This 'no-interest' rule amplifies this court's obligation to construe waivers of sovereign immunity strictly in favor of the sovereign. This court cannot infer a waiver of sovereign immunity.").

Courts have consistently refused to allow recovery of interest on borrowed money incurred as a result of the Government's breach of contract. See England v. Contel Advanced Systems, 384 F.3d 1372 (Fed. Cir. 2004); J.D. Hedin Construction Co. v.

United States, 456 F.2d 1315 (Ct. Cl. 1972); Ramsey v. United States, 101 F. Supp. 353 (Ct. Cl. 1951); David Myerle v. United States, 33 Ct. Cl. 1 (1897); see also Bluebonnet Savings Bank v. United States, 266 F.3d 1348 (Fed. Cir. 2001) ("The law of this circuit prohibits plaintiffs from recovering interest paid on money borrowed as a result of defendant's breach"). In Myerle, for example, the contractor was delayed in contract performance due to the Government's failure to timely deliver needed materials. Myerle, 33 Ct. Cl. at 20-21. The delay forced the contractor to borrow money to continue performance; the contractor sought to recover the interest it paid on the borrowed funds. Id. at 25. The Court refused to award interest as damages for the delay. Id. The Court stated that "[t]he recovery of this sum in this court is forbidden by [the no-interest rule]: whether it be claimed in the guise of a damage caused by delay, or in some other form, it remains in fact a claim for interest, and such a claim we are prohibited from allowing.

It is clear beyond cavil that this Court does not possess jurisdiction to entertain a claim for interest paid on borrowed funds. Accordingly, ETC's claims for financing costs should be dismissed.

III. This Court Does Not Possess Jurisdiction To Entertain Count IX Of Plaintiff's Complaint To the Extent It Seeks Damages For Claim Preparation Costs.

ETC seeks $100,030 in costs it allegedly incurred as a consequence of having to file a certified claim to the Government. Compl. ¶¶ 375, 376.

Legal, accounting, or consulting costs incurred in connection with the prosecution of a CDA claim is per se unallowable. CDA, § 2 et seq., 41 U.S.C.A. § 601 et seq. See also, FAR 31.205-47.

FAR 31.205-47 provides in pertinent part as follows:

> (a) Definitions. As used in this subpart--
> Costs include, but are not limited to, administrative and clerical expenses; the costs of legal services, whether performed by in-house or private counsel;
>
> . . .
>
> (f) Costs not covered elsewhere in this subsection are unallowable if incurred in connection with--
>
> > (1) Defense against Federal Government claims or appeals or the prosecution of claims or appeals against the Federal Government.

Courts have consistently found that claim preparation costs are not recoverable in an action brought pursuant to the CDA. See, e.g., Singer Co., Librascope Div. v. United States, 215 Ct. Cl. 281, 568 F.2d 695 (1977) (attorney and technical consultant fees incurred in connection with the preparation and documentation of its claims for equitable adjustment not allowable since such services were not performance-related and bore no beneficial nexus either to contract performance or to contract administration); P.R. Burke Corp. v. United States, 58 Fed. Cl. 549, 558 (2003)(consultant's fees disallowed if those fees are incurred solely to assist in the prosecution of a claim against the Government); Plano Builders Corp. v. United States, 40 Fed. Cl. 635, 639 (1998) (plain meaning of FAR 31.205- 47(f) brings within its scope consulting fees merely associated with or related to the submission of a CDA claim); Reflectone, Inc. v. Dalton, 60 F.3d 1572, 1577 (Fed. Cir. 1995) (request for equitable adjustment qualified as a "claim" within the meaning of the FAR; preparation costa not allowable). Compare Bill Strong Enterprises, Inc. v. Shannon, 49 F.3d 1541 (Fed. Cir. 1995) (since claim on merits of contractor's assertion of increased compensation due to Government delay did not arise before contractor incurred consultant's costs, costs allowable), overruled by Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995).

There is no statutory, regulatory, or decisional authority to support this Court's jurisdiction to entertain ETC's contention that it is entitled to recover its claim preparation costs. Accordingly, ETC's claim should be dismissed.

## CONCLUSION

For the foregoing reasons, we respectfully request that our motion to dismiss be granted, and that count IX of the complaint be dismissed for lack of jurisdiction to the extent it seeks financing costs and claim preparation costs.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

April 21, 2006

Attorneys for Defendant