IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENVIRONMENTAL TECTONICS CORPORATION, | ) | |
| Plaintiff, | ) | No. 05-746C (Judge Susan G. Braden) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully files this reply to the opposition filed by Environmental Tectonics Corporation ("ETC") to our motion to dismiss. As we demonstrate below, ETC's opposition to our motion is wholly lacking in merit.

I. Financing Costs

As set forth in our April 19, 2006 motion pursuant to RCFC 12(b)(1), the sole issue is whether this Court possesses jurisdiction to entertain Count IX of ETC's complaint to the extent it seeks damages, based upon the Government's alleged breaches of the contract, for contract financing costs, that is, the interest paid upon funds borrowed by ETC to complete performance under the contract, and to the extent ETC seeks to recover its claim preparation costs. Defendant's Motion to Dismiss Claims for Interest on Borrowings and Claim Preparation Costs ("Motion") at 1.[1]

---

[1] If this Court awards ETC damages after the trial of this matter, the Government does not dispute that ETC would then be entitled, pursuant to 41 U.S.C. § 611, to recover interest upon the amount awarded from the date upon which the contracting officer received ETC's certified claim through the date of payment. The statutory provision permitting interest to be paid upon an award made under the Contract Disputes Act constitutes a waiver of sovereign immunity. ETC, however, and can not

In its opposition, ETC argues that the financing costs it claims constitute "facilities capital cost of money"[2] and, as such, are recoverable. [Plaintiff's] Opposition to [Defendant's] Motion to Dismiss Pursuant to Rule 12(b)(1) ("Pl.'s Opp."). ETC's argument is fundamentally flawed.

ETC relies upon FAR § 31.205-10 in support of its position that the imputed cost of its capital plant is recoverable.

FAR § 31.205-10 provides as follows:

> Cost of money.
>
> (a) General. Cost of money --
> (1) Is an imputed cost that is not a form of interest on borrowings (see 31.205-20);
> (2) Is an "incurred cost" for cost-reimbursement purposes under applicable cost-reimbursement contracts and for progress payment purposes under fixed-price contracts; and
> (3) Refers to --
> (i) Facilities capital cost of money (48 CFR 9904.414); and
> (ii) Cost of money as an element of the cost of capital assets under construction (48 CFR 9904.417).
>
> (b) Cost of money is allowable, provided --
> (1) It is measured, assigned, and allocated to contracts in accordance with 48 CFR 9904.414 or measured and added to the cost of capital assets under construction in accordance with 48 CFR 9904
> (2) The requirements of 31.205-52, which limit the allowability of cost of money, are followed; and

---

point to any such waiver for the award of financing costs.

[2] Count IX of ETC's complaint does not allege that it is seeking to recover its "facilities capital cost of money."

> (3) The estimated facilities capital cost of money is specifically identified and proposed in cost proposals relating to the contract under which the cost is to be claimed.
>
> (c) Actual interest cost in lieu of the calculated imputed cost of money is unallowable.

As the concluding paragraph of FAR § 31.205-10 makes absolutely clear, the cost of money allowable under this regulation is not a form of interest on borrowings, actual or imputed. Since ETC seeks "contract financing costs," see Amended Complaint, ¶¶ 354, et seq., that is, interest on borrowings, ETC's reliance upon FAR § 31.205-10 is misplaced. Moreover, ETC has utterly failed to allege, much less demonstrate, that it has complied with the any of the applicable provisions of FAR § 31.205-10.

ETC also argues that the interest charges it incurred on its borrowings are recoverable as a cost of performance. Pl.'s Opp. at 3-4. ETC's argument is specious at best. In its complaint, ETC specifically claims that it is entitled to contract financing costs based upon the Government's alleged breaches of the contract. All of the cases cited by ETC in its opposition deal with Government-caused delays in making payments due under the contract. Moreover, those cases, relying upon Bell v. United States, 186 Ct. Cl. 189, 205, 404 F.2d 975, 984 (1968), holding that interest on borrowings incurred specifically to finance changed work, rather than for a breach, is allowable, simply stand for the proposition that a contractor can not recover Bell-type interest by imputing it; the contractor must actually have borrowed specifically to perform the changed work and paid actual interest upon those actual borrowings. See also, Framlau Corp. v. United States, 215 Ct. Cl. 185, 197, 568 F.2d 687, 694 (1977).

Finally, even if ETC were to seek to amend its complaint to allege that it was

required to borrow funds to finance changed work, ETC would still not be entitled to interest paid upon such borrowed funds since such recovery is explicitly excluded by the contract. As ETC itself points out, ETC's contract incorporates by reference DFARS 252.243-7001, under which the FAR and DFARS cost principles apply to the contract. One such provision is FAR 31.205-20, "Interest and other financial costs," which makes interest on borrowings unallowable. In effect, FAR 31.205-20 overruled Bell. See, e.g., In Re Chem-Care Company, Inc., ASBCA No. 53614, 04-1 BCA (CCH) ¶ 32,593, 2004 WL 790831 (apr. 6, 2004) (citing Tomahawk Construction Co., ASBCA zNo. 45071, 94-1 BCA ¶26,312) Because ETC's claim for interest is expressly prohibited, this court should dismiis it immediately pursuant to RCFC 12(b)(6), even if the Court were to determine that it possessed jurisdiction to entertain it. Accordingly, this Court should dismiss Count IX of ETC's complaint to the extent that it seeks to recover contract financing costs.

II. Claim Preparation Costs

The sole ground for ETC's opposition to our motion to dismiss Count IX of ETC's complaint to the extent that it seeks to claim preparation costs is that such costs in fact were not claim preparation costs. Thus, since ETC now maintains that it is not seeking claim preparation costs, ETC should have no objection to this Court dismissing that claim.

CONCLUSION

For the foregoing reasons, and for the reasons stated in our moving brief, we respectfully request that our motion to dismiss be granted, and that count IX of ETC's complaint be dismissed for lack of jurisdiction to the extent it seeks financing costs and

claim preparation costs.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

Attorneys for Defendant

OF COUNSEL

DAVID L. KOMAN
Senior Trial Attorney
Litigation Office
Office of the General Counsel
720 Kennon Street, S.E., Bldg. 36
Washington Navy Yard, DC 20374-5013

July 7, 2006