IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENVIRONMENTAL TECTONICS CORPORATION, Plaintiff, | ) | No. 05-746C (Judge Susan G. Braden) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

**PLAINTIFF'S LIMITED RESPONSE TO DEFENDANT'S UNOPPOSED MOTION TO AMEND DISCOVERY SCHEDULE**

Plaintiff Environmental Tectonics Corporation ("ETC"), by and through its attorneys, Klehr, Harrison, Harvey, Branzburg & Ellers LLP hereby files this limited response to Defendant's Unopposed Motion to Amend the Discovery Schedule (the "Government Motion"). Specifically, ETC does not oppose the entry of an amended scheduling order as requested by the Government, but ETC does dispute the Government's inference in footnote 1 that because of ETC's alleged recalcitrance during discovery that a further extension may be needed.

A. **BACKGROUND**

ETC is a publicly held company that designs, manufactures, installs and maintains aircrew training systems, public entertainment systems, process simulation systems, hyperbaric chambers, environmental testing and simulation systems and related products for domestic and international customers. ETC has nearly 200 employees and is located in Southampton, Pennsylvania (a suburb of Philadelphia). ETC is an experienced business that has operated for over 38 years and has performed many services for both private industry and the government.

As part of its customary business operations, ETC was awarded Contract No. N47408-98-C-2103 (the "Contract"). The Contract called for the design and fabrication of two submarine decompression chamber segments ("SDC"). Although the initial completion date was April 8, 1999, the completion date was changed on four occasions by way of modifications to the Contract, with the last modification establishing an August 31, 2003 completion date. At this time, the SDC segments are nearly complete, the Government having recently delivered to ETC a short "punch list" of items to be addressed. There is no dispute that ETC has satisfactorily produced the SDC segments, rather the only dispute is the amount to be paid to ETC for its performance. Interestingly, despite the Contract completion date having been extended by over four years through modifications to the Contract and the Contract performance extending another three and a half years beyond the modified completion date, the Government has rejected each and every claim made by ETC. In essence, the Government has taken the unrealistic position that not one dollar should be paid to ETC above the modified contract price of $3,354,486.58 (increased from $3,278,634.58).

B. **STATUS OF DISCOVERY AND LIMITED RESPONSE**

On December 21, 2006 a motion was filed with this Court that sought approval of the substitution of counsel for ETC. Soon after the entry of appearance of ETC's new counsel, the Government requested that ETC consent to an extension of the currently existing discovery deadlines. Counsel for ETC informed counsel for the Government that ETC did not need an extension and desired to see this matter move as quickly as possible to trial. Counsel for the Government then informed counsel for ETC that she had

recently been on vacation in December 2006 and out of the office tending to an ill family member. As a sign of good faith, ETC acceded to the Government's request.

Yet, despite this gesture of good faith by ETC, the Government could not agree with ETC that the Government's characterization of the status of discovery contained in footnote 1 of the Government's motion is inaccurate and unfairly depicts ETC as uncooperative in the discovery process. For this reason and in order to set the record straight, ETC is compelled to provide the Court with the below summary, which summary more fairly characterizes ETC's level of cooperation in discovery.

1. March 1, 2006, ETC serves its initial disclosures with documents bates stamped ETC000001-ETC061515.

2. June 1, 2006, ETC supplements its initial production with a further production of six additional CD's of information, which include, but are not limited to a production of documents labeled ETC061516-ETC077109.

3. June 16, 2006, ETC responds to the *Government's First Request for Production of Documents.*

4. June 19, 2006, ETC responds to the *Government's Second Request for Production of Documents.*

5. July 10, 2006, ETC further supplements its initial production with documents bates stamped ETC 077110-077160, ETC 077163-077300, ETC 077303-077339, ETC 077341-077343 and ETC 077347-077352.

6. October 6, 2006, the Government propounds its *Third Request for Production of Documents and First and Second Set of Interrogatories*[1]. ETC has until January 19, 2007 to respond to said requests.

7. November 13 2006, ETC provides a second set of its originally produced documents that were re-scanned in order for the Government to be able to better use the documents (ETC 2000001-ETC2048782). For ease of reference and clarity, ETC will use and refer to these subsequently rescanned documents in future pleadings.

[1] If each discrete sub-part of the Government's Interrogatories were counted, the Government Interrogatories would greatly exceed the 25 interrogatory limitation imposed by the Federal Rules. As a further sign of good faith, ETC will not object to these requests on that basis.

8. Over the course of the past several months, ETC has produced Mike Quiring, Rob Rubeo, Greg Daub, and Francis Kenney for Depositions. ETC has agreed to produce Bill Mitchell, Jr. and Dick McAdams for depositions on February 15 and 16 (these depositions had been scheduled as early as November 30, 2006 and were rescheduled by agreement of the parties).

9. Informally, the Government has directed additional requests to ETC through its expert. ETC counts over a dozen additional requests that have been propounded and are outstanding.

After reviewing a chronology of ETC's participation in discovery it becomes readily apparent that the conduct of ETC cannot be used as a basis to seek an extension of the discovery deadline, beyond that which is currently sought in this motion. Moreover, ETC will respond to the Government's outstanding discovery requests on or before January 19, 2007, as required by the October 6, 2006 Order of this Court. Although not required by the schedule currently sought to be put in place by the Government, but as further evidence of its good faith, ETC will also produce the additional documents that had been withheld upon a claim of privilege and will respond to the dozen or so requests propounded by the Government's alleged expert during the January 19, 2007 through January 26, 2007 time period.

## C. **CONCLUSION**

For the foregoing reasons, ETC does not object to the entry of an Order approving the Government's Motion. Yet, ETC does oppose any future requests for an extension

and the Government's inference in footnote 1 to the Motion that ETC has been uncooperative in discovery.

Respectfully submitted,

Dated: 1/16/07

William R. Hinchman, Esquire
Klehr Harrison Harvey
Branzburg and Ellers, LLP
260 south Broad Street
Philadelphia, PA. 19102
215-569-2796
*Attorneys for the Plaintiff*

CERTIFICATE OF SERVICE

I, William R. Hinchman, hereby certify under penalty of perjury that on this 16th day of January, 2007, I caused to be e-mailed and to be placed in the United States mail (first class mail, postage prepaid) copies of PLAINTIFF'S LIMITED RESPONSE TO DEFENDANT'S UNOPPOSED MOTION TO EXTEND DISCOVERY SCHEDULE addressed as follows:

Leslie Cayer Ohta
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L. Street, N.W.
Washington, D.C. 20530

1/16/07
William R. Hinchman, Esquire