IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENVIRONMENTAL TECTONICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-746C<br>(Judge Susan G. Braden) |

DEFENDANT'S ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT AND COUNTERCLAIMS

For its answer to the numbered paragraphs of the amended complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in paragraph 3.

4. Admits the allegations contained paragraph 4 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained paragraph 5 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7.

8. Admits the allegations contained paragraph 8 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained paragraph 9 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained paragraph 10 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained paragraph 11 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained paragraph 12 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13 regarding plaintiff's "understanding" of the information in the solicitation for lack of knowledge or information sufficient to form a belief as to their truth; the remaining allegations in paragraph 13 are denied.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits the allegations contained paragraph 17 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained paragraph 18 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits the allegations contained paragraph 20 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained paragraph 21 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained paragraph 22 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Admits the allegations contained paragraph 24 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 24.

25. Admits the allegations contained paragraph 25 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Admits the allegations contained paragraph 27 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Admits the allegations contained paragraph 29 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Admits the allegations contained paragraph 31 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Admits the allegations contained paragraph 33 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 33.

34. Admits the allegations contained paragraph 34 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained paragraph 35 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Admits the allegations contained paragraph 37 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained paragraph 38 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Admits the allegations contained paragraph 40 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained paragraph 41 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained paragraph 42 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations contained paragraph 43 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43.

44. Admits the allegations contained paragraph 44 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. Admits the allegations contained paragraph 45 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46. Admits the allegations contained paragraph 46 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46.

47 Admits the allegations contained paragraph 47 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. Admits the allegations contained paragraph 48 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48.

49. Admits the allegations contained paragraph 49 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 49.

50. Admits the allegations contained paragraph 50 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. Admits the allegations contained paragraph 51 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Admits the allegations contained paragraph 52 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53. Admits the allegations contained paragraph 53 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54. Admits the allegations contained paragraph 54 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55. Admits the allegations contained paragraph 55 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 55.

56. Admits the allegations contained paragraph 56 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 56.

57. Admits the allegations contained paragraph 57 to the extent supported by

the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58. Admits the allegations contained paragraph 58 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. Admits the allegations contained in paragraph 59.

60. Admits that in the original contract the weight of an aircraft pallet was mistakenly included in the weight for the submarine decompression chambers; denies the remainder of the allegations contained in paragraph 60.

61. Denies the allegations contained in paragraph 61.

62. Admits the allegations contained paragraph 62 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63. Denies the allegations contained in paragraph 63.

64. Admits that the contract required that the SDC Segments be light weight chambers able to be loaded onto an aircraft; denies the remainder of the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. Denies the allegations contained in paragraph 66 for lack of knowledge or information sufficient to form a belief as to their truth.

67. Denies the allegations contained in paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.

68. Admits the allegations contained paragraph 68 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 68.

69. Denies the allegations contained in paragraph 69 for lack of knowledge or information sufficient to form a belief as to their truth.

70. Denies the allegations contained in paragraph 70.

71. Admits that when the chamber was modeled inside the Van FEA model, the number of necessary defined FEA elements increased; the remaining allegation contained in paragraph 71 is denied.

72. Denies the allegations contained in paragraph 72.

73. Admits the allegations contained in paragraph 73.

74. Denies the allegations contained in paragraph 74.

75. Denies the allegations contained in paragraph 75 for lack of knowledge or information sufficient to form a belief as to their truth.

76. Denies the allegations contained in paragraph 76.

77. Admits the allegations contained in paragraph 77.

78. Denies the allegations contained in paragraph 78 for lack of knowledge or information sufficient to form a belief as to their truth.

79. Denies the allegations contained in paragraph 79.

80. Denies the allegations contained in paragraph 80.

81. Denies the allegations contained in paragraph 81 for lack of knowledge or information sufficient to form a belief as to their truth.

82. Denies the allegations contained in paragraph 82 for lack of knowledge or

information sufficient to form a belief as to their truth.

83. Denies the allegations contained in paragraph 83 for lack of knowledge or information sufficient to form a belief as to their truth.

84. Denies the allegations contained in paragraph 84 for lack of knowledge or information sufficient to form a belief as to their truth.

85. Denies the allegations contained in paragraph 85 for lack of knowledge or information sufficient to form a belief as to their truth.

86. Denies the allegations contained in paragraph 86 for lack of knowledge or information sufficient to form a belief as to their truth.

87. Denies the allegations contained in paragraph 87.

88. Denies the allegations contained in paragraph 88.

89. Admits the allegations contained paragraph 89 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 89.

90. Denies the allegations contained in paragraph 90.

91. Denies the allegations contained in paragraph 91.

92. Denies the allegations contained in paragraph 92.

93. Denies the allegations contained in paragraph 93.

94. Denies the allegations contained in paragraph 94 for lack of knowledge or information sufficient to form a belief as to their truth.

95. Denies the allegations contained in paragraph 95.

96. Denies the allegations contained in paragraph 96 for lack of knowledge or information sufficient to form a belief as to their truth.

97. Denies the allegations contained in paragraph 97.

98. Admit only that plaintiff was required to meet the contract specifications regarding structural integrity; the remaining allegations contained in paragraph 98 are denied.

99. Denies the allegations contained in paragraph 99.

100. Denies the allegations contained in paragraph 100.

101. Denies the allegations contained in paragraph 101 for lack of knowledge or information sufficient to form a belief as to their truth.

102. Denies the allegations contained in paragraph 102 for lack of knowledge or information sufficient to form a belief as to their truth.

103. Denies the allegations contained in paragraph 103 for lack of knowledge or information sufficient to form a belief as to their truth.

104. Denies the allegations contained in paragraph 104 for lack of knowledge or information sufficient to form a belief as to their truth.

105. Denies the allegations contained in paragraph 105 for lack of knowledge or information sufficient to form a belief as to their truth.

106. Denies the allegations contained in paragraph 106.

107. Denies the allegations contained in paragraph 107.

108. Admits the allegations contained paragraph 108 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 108.

109. The allegations contained in paragraph 109 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

110. Denies the allegations contained in paragraph 110 for lack of knowledge or information sufficient to form a belief as to their truth.

111. Denies the allegations contained in paragraph 111 for lack of knowledge or information sufficient to form a belief as to their truth.

112. Denies the allegations contained in paragraph 112 for lack of knowledge or information sufficient to form a belief as to their truth.

113. Denies the allegations contained in paragraph 113 for lack of knowledge or information sufficient to form a belief as to their truth.

114. Denies the allegations contained in paragraph 114.

115. Denies the allegations contained in paragraph 115.

116. Admits the allegations contained in paragraph 116.

117. Denies the allegations contained in paragraph 117 for lack of knowledge or information sufficient to form a belief as to their truth.

118. Denies the allegations contained in paragraph 118 for lack of knowledge or information sufficient to form a belief as to their truth.

119. Admits the allegations contained in paragraph 119 except to deny that plaintiff was required to use Oceaneering's design.

120. Admits that the Government provided a technical example of a van design to plaintiff that met the contract requirements; denies the remaining allegations contained in paragraph 120.

121. Denies the allegations contained in paragraph 121.

122. Denies the allegations contained in paragraph 122.

123. Admits the allegations contained paragraph 123 to the extent supported by

the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 123.

124. Denies the allegations contained in paragraph 124.

125. Admits the allegations contained in paragraph 125.

126. Admits the allegations contained in paragraph 126.

127. Admits the allegations contained in paragraph 127.

128. Admits the allegations contained in paragraph 128.

129. Admits the allegations contained in paragraph 129.

130. Denies the allegations contained in paragraph 130.

131. Denies the allegations contained in paragraph 131.

132. Denies the allegations contained in paragraph 132

133. Denies the allegations contained in paragraph 133.

134. Admits the allegations contained paragraph 134 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 134.

135. Admits the allegations contained paragraph 135 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 135.

136. Admits the allegations contained paragraph 136 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 136.

137. Admits the allegations contained paragraph 137 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 137.

138. Admits the allegations contained paragraph 138 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 138.

139. Admits the allegations contained paragraph 139 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 139.

140. Admits the allegations contained paragraph 140 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 140.

141. Admits the allegations contained paragraph 141 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 141.

142. Denies the allegations contained in paragraph 142.

143. Denies the allegations contained in paragraph 143 for lack of knowledge or information sufficient to form a belief as to their truth.

144. Admits the allegations contained paragraph 144 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 144.

145. Denies the allegations contained paragraph 145.

146. Denies the allegations contained in paragraph 146.

147. Admits only that plaintiff was required to meet the contract requirements regarding drawings; denies the remaining allegations contained in paragraph 147.

148. Admits only that the contract required plaintiff to create separate drawings for SDC 1 and SDC 2; denies the remainder of the allegations contained in paragraph 148.

149. Admits the allegations contained in paragraph 149.

150. Admits only that plaintiff was required to meet the contract specifications regarding the Piping and Flexibility Analysis; denies the remaining allegations contained in paragraph 150.

151. Denies the allegations contained in paragraph 151 for lack of knowledge or information sufficient to form a belief as to their truth.

152. Admits the allegations contained paragraph 152 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 152.

153. Denies the allegations contained in paragraph 153 for lack of knowledge or information sufficient to form a belief as to their truth.

154. Admits the allegations contained in paragraph 154.

155. Denies the allegations contained in paragraph 155.

156. Denies the allegations contained in paragraph 156.

157. Admits the allegations contained paragraph 157 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 157.

158. Denies the allegations contained in paragraph 158.

159. Denies the allegations contained in paragraph 159.

160. Denies the allegations contained in paragraph 160.

161. Denies the allegations contained in paragraph 161.

162. Admits the allegations contained paragraph 162 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 162.

163. Denies the allegations contained in paragraph 163 for lack of knowledge or information sufficient to form a belief as to their truth.

164. Denies the allegations contained in paragraph 164 for lack of knowledge or information sufficient to form a belief as to their truth.

165. Denies the allegations contained in paragraph 165 for lack of knowledge or information sufficient to form a belief as to their truth.

166. Denies the allegations contained in paragraph 166.

167. Denies the allegations contained in paragraph 167.

168. Denies the allegations contained in paragraph 168.

169. Denies the allegations contained in paragraph 169.

170. Admits the allegations contained paragraph 170 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 170.

171. Admits the allegations contained paragraph 171 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 171.

172. Admits that plaintiff conducted a Thermal Conductivity Analysis and Forced Air Convection Flow Analysis as required by the contract; denies the remainder of the allegations contained in paragraph 172.

173. Admits that plaintiff determined that more ECUs and scrubbers would be

necessary to meet the performance requirements of the contract; denies the remainder of the allegations contained in paragraph 173.

174. Admits the allegations contained paragraph 174 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 174.

175. Admits the allegations contained paragraph 175 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 175.

176. Denies the allegations contained in paragraph 176 for lack of knowledge or information sufficient to form a belief as to their truth.

177. Denies the allegations contained in paragraph 177.

178. Denies the allegations contained in paragraph 178 for lack of knowledge or information sufficient to form a belief as to their truth.

179. Admits the allegations contained in paragraph 179.

180. Admits the allegations contained paragraph 180 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 180.

181. Denies the allegations contained in paragraph 181 for lack of knowledge or information sufficient to form a belief as to their truth.

182. Denies the allegations contained in paragraph 182 for lack of knowledge or information sufficient to form a belief as to their truth.

183. Denies the allegations contained in paragraph 183 for lack of knowledge or information sufficient to form a belief as to their truth.

184. Denies the allegations contained in paragraph 184 for lack of knowledge or information sufficient to form a belief as to their truth.

185. Admits that the bilateral modification P00006 included a Forced Convection Airflow Analysis; denies the remainder of the allegations contained in paragraph 185.

186. Denies the allegations contained in paragraph 186.

187. Denies the allegations contained in paragraph 187.

188. Admits only that plaintiff was required to meet the contract specifications regarding the performance requirements; denies the remaining allegations contained in paragraph 188.

189. Denies the allegations contained in paragraph 189 for lack of knowledge or information sufficient to form a belief as to their truth.

190. Denies the allegations contained in paragraph 190 for lack of knowledge or information sufficient to form a belief as to their truth.

191. Denies the allegations contained paragraph 191.

192. Admits the allegations contained paragraph 192 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 192.

193. Admits the allegations contained paragraph 193 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 193.

194. Denies the allegations contained in paragraph 194 for lack of knowledge or information sufficient to form a belief as to their truth.

195. Denies the allegations contained in paragraph 195 for lack of knowledge or

information sufficient to form a belief as to their truth.

196. Denies the allegations contained in paragraph 196 for lack of knowledge or information sufficient to form a belief as to their truth.

197. Denies the allegations contained in paragraph 197.

198. Admits the allegations contained paragraph 198 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 198.

199. Admits the allegations contained paragraph 199 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 199.

200. Denies the allegations contained in paragraph 200.

201. Denies the allegations contained in paragraph 201.

202. Denies the allegations contained in paragraph 202.

203, Denies the allegations contained in paragraph 203.

204. Denies the allegations contained in paragraph 204.

205. Denies the allegations contained in paragraph 205.

206. Admits the allegations contained paragraph 206 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 206.

207. Admits the allegations contained paragraph 207 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 207.

208. Admits the allegations contained paragraph 208 to the extent supported by

the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 208.

209. Denies the allegations contained in paragraph 209 for lack of knowledge or information sufficient to form a belief as to their truth.

210. Admits the allegations contained in paragraph 210.

211. Admits the allegations contained in paragraph 211.

212. Denies the allegations contained in paragraph 212.

213. Denies the allegations contained in paragraph 213.

214. Denies the allegations contained in paragraph 214 for lack of knowledge or information sufficient to form a belief as to their truth.

215. Denies the allegations contained in paragraph 215.

216. Admits the allegations contained paragraph 216 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 216.

217. Admits the allegations contained paragraph 217 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

218. Denies the allegations contained in paragraph 218 for lack of knowledge or information sufficient to form a belief as to their truth.

219. Admits the allegations contained in paragraph 219.

220. Denies the allegations contained in paragraph 220 for lack of knowledge or information sufficient to form a belief as to their truth.

221. Denies the allegations contained in paragraph 221.

222. Admits the allegations contained paragraph 222 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

223. Admits that the Government accepted plaintiff's initial design approach depicted in RFI 060 as submitted on or about June 17, 1999; denies the remainder of the allegations contained in paragraph 223.

224. Denies the allegations contained paragraph 224.

225. Denies the allegations contained in paragraph 225.

226. Admits the allegations contained in paragraph 226.

227. Denies the allegations contained in paragraph 227.

228. Denies the allegations contained in paragraph 228.

229. Admits the allegations contained paragraph 229 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

230. Admits the allegations contained in paragraph 230.

231. Admits that the Government rejected Plaintiff's model; denies the remaining allegations in paragraph 231.

232. Admits the allegations contained in paragraph 232.

233. Admits the allegations contained paragraph 233 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

234. Denies the allegations contained in paragraph 234.

235. Denies the allegations contained in paragraph 235.

236. Admits the allegations contained paragraph 236 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

237. Admits the allegations contained paragraph 237 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

238. Admits the allegations contained paragraph 238 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

239. Denies the allegations contained in paragraph 239.

240. Denies the allegations contained in paragraph 240.

241. Denies the allegations contained in paragraph 241.

242. Denies the allegations contained in paragraph 242 for lack of knowledge or information sufficient to form a belief as to their truth.

243. Denies the allegations contained in paragraph 243 for lack of knowledge or information sufficient to form a belief as to their truth.

244. Denies the allegations contained in paragraph 244.

245. Denies the allegations contained in paragraph 245.

246. Admits the allegations contained paragraph 246 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

247. Denies the allegations contained in paragraph 247 for lack of knowledge or information sufficient to form a belief as to their truth.

248. Denies the allegations contained in paragraph 248 for lack of knowledge or information sufficient to form a belief as to their truth.

249. Denies the allegations contained in paragraph 249.

250. Denies the allegations contained in paragraph 250.

251. Denies the allegations contained in paragraph 251 for lack of knowledge or information sufficient to form a belief as to their truth.

252. Denies the allegations contained in paragraph 252 for lack of knowledge or information sufficient to form a belief as to their truth.

253. Admits plaintiff notified the Government of its opinion; denies the remaining allegations contained in paragraph 253 for lack of knowledge or information sufficient to form a belief as to their truth.

254. Admits only that since plaintiff was unable to design a workable solution, the Government brought to plaintiff's attention and accepted a commercial off the shelf medical lock assembly; denies the remainder of the allegations contained in paragraph 254.

255. Denies the allegations contained in paragraph 255.

256. Denies the allegations contained in paragraph 256.

257. Admits the allegations contained paragraph 257 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

258. Admits the allegations contained paragraph 258 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

259. Admits the allegations contained paragraph 259 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

260. Admits the allegations contained paragraph 260 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

261. Denies the allegations contained in paragraph 261 for lack of knowledge or information sufficient to form a belief as to their truth.

262. Admits the allegations contained paragraph 262 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

263. Admits the allegations contained paragraph 263.

264. Admits the allegations contained paragraph 264.

265. Admits the allegations contained paragraph 265.

266. Denies the allegations contained in paragraph 266.

267. Denies the allegations contained in paragraph 267.

268. Admits the allegations contained paragraph 268 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 268.

269. Admits the allegations contained paragraph 269 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 269.

.

270. Admits the allegations contained paragraph 270 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 270.

271. Denies the allegations contained in paragraph 271 for lack of knowledge or information sufficient to form a belief as to their truth.

272. Denies the allegations contained in paragraph 272.

273. Denies the allegations contained in paragraph 273.

274. Denies the allegations contained in paragraph 274.

275. Admits the allegations contained paragraph 275 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

276. Admits the allegations contained paragraph 276 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

277. Admits the allegations contained paragraph 277 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

278. Denies the allegations contained in paragraph 278 for lack of knowledge or information sufficient to form a belief as to their truth.

279. Denies the allegations contained in paragraph 279 for lack of knowledge or information sufficient to form a belief as to their truth.

280. Denies the allegations contained in paragraph 280.

281. Denies the allegations contained in paragraph 281.

282. Denies the allegations contained in paragraph 282.

283. Admits the allegations contained in paragraph 283.

284. Admits the allegations contained paragraph 284 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

285. Admits that the Government provided comments on February 5, 2001; the remaining allegations contained in paragraph 285 are denied.

286. Denies the allegations contained in paragraph 286.

287. Admits the allegations contained paragraph 287 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

288. Denies the allegations contained in paragraph 288 for lack of knowledge or information sufficient to form a belief as to their truth.

289. Admits that the Government's Contracting Officer's Technical Representative stated that if plaintiff properly made the corrections described in the Government's review comments then plaintiff's Final Design for SDC-1 would be acceptable; the remainder of the allegations contained in paragraph 289 are denied.

290. Denies the allegations contained in paragraph 290.

291. Admits that plaintiff was required to comply with the contract specifications regarding production drawings; the remainder of the allegations contained in paragraph 291 are denied.

292. Admits the allegations contained paragraph 292 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the

allegations.

293. Admits that plaintiff was required to comply with the contract specifications regarding; the remainder of the allegations contained in paragraph 293 are denied.

294. Denies the allegations contained in paragraph 294

295. Denies the allegations contained in paragraph 295.

296. Denies the allegations contained in paragraph 296.

297. Admits the allegations contained in paragraph 297.

298. Denies the allegations contained in paragraph 298 for lack of knowledge or information sufficient to form a belief as to their truth.

299. Denies the allegations contained in paragraph 299 for lack of knowledge or information sufficient to form a belief as to their truth.

300. Denies the allegations contained in paragraph 300 for lack of knowledge or information sufficient to form a belief as to their truth.

301. Denies the allegations contained in paragraph 301.

302. Denies the allegations contained in paragraph 302.

303. Denies the allegations contained in paragraph 303 .

304. Admits the allegations contained paragraph 304 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

305. Denies the allegations contained in paragraph 305.

306. Admits the allegations contained in paragraph 306.

307. Denies the allegations contained in paragraph 307 .

308. Denies the allegations contained in paragraph 308.

309. Admits the allegations contained paragraph 309 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

310. Admits the allegations contained paragraph 310.

311. Admits the allegations contained paragraph 311.

312. Denies the allegations contained in paragraph 312.

313. Denies the allegations contained in paragraph 313.

314. Denies the allegations contained in paragraph 314.

315. Admits the allegations contained paragraph 315 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

316. Admits the allegations contained in paragraph 316.

317. Admits the allegations contained in paragraph 317.

318. Admits the allegations contained in paragraph 318.

319. Denies the allegations contained in paragraph 319.

320. Denies the allegations contained in paragraph 320.

321. Admits the allegations contained paragraph 321 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

322. Admits the allegations contained paragraph 322 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

323. Denies the allegations contained in paragraph 323.

324. Denies the allegations contained in paragraph 324.

325. Denies the allegations contained in paragraph 325.

326. Admits the allegations contained paragraph 326 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

327. Admits the allegations contained paragraph 327 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

328. Admit that Contract Specification C3.1.27(a)(1) requires mechanical pressure gauges to have helical coil bourdon tube sensing elements; the remainder of the allegations of paragraph 328 are denied.

329. Denies the allegations contained in paragraph 329 for lack of knowledge or information sufficient to form a belief as to their truth.

330. Denies the allegations contained in paragraph 330.

331. Denies the allegations contained in paragraph 331.

332. Denies the allegations contained in paragraph 332.

333. Denies the allegations contained in paragraph 333.

334. Denies the allegations contained in paragraph 334.

335. Denies the allegations contained in paragraph 335.

336. Admits the allegations contained in paragraph 336.

337. Denies the allegations contained in paragraph 337.

338. Admits the allegations contained paragraph 338 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the

allegations.

339. Admits the allegations contained paragraph 339 to the extent supported by the contract; otherwise denies the allegations.

340. Admit only that some of the invoices were not paid within the time period specified in the contract; the remainder of the allegations contained in paragraph 340 are denied.

341. Admits only that some of the invoices were not paid in full; the remainder of the allegations contained in paragraph 341 are denied.

342. Denies the allegations contained in paragraph 342 for lack of knowledge or information sufficient to form a belief as to their truth.

343. Denies the allegations contained in paragraph 343 for lack of knowledge or information sufficient to form a belief as to their truth.

344. Denies the allegations contained in paragraph 344 for lack of knowledge or information sufficient to form a belief as to their truth.

345. Denies the allegations contained in paragraph 345 for lack of knowledge or information sufficient to form a belief as to their truth.

346. Denies the allegations contained in paragraph 346.

347. Denies the allegations contained in paragraph 347.

348. Denies the allegations contained in paragraph 348.

349. Denies the allegations contained in paragraph 349.

350. Admits the allegations contained paragraph 350 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

351. Denies the allegations contained in paragraph 351.

352. Denies the allegations contained in paragraph 352 for lack of knowledge or information sufficient to form a belief as to their truth.

353. Denies the allegations contained in the first sentence of paragraph 353. The allegations contained in the second sentence of paragraph 353 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

354. Denies the allegations contained in paragraph 354 for lack of knowledge or information sufficient to form a belief as to their truth.

355. Denies the allegations contained in the first sentence of paragraph 355. The allegations contained in the second sentence of paragraph 355 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

356. Admit only that some of the invoices were not paid within the time period specified in the contract; the remainder of the allegations contained in paragraph 356 are denied..

357. Denies the allegations contained in paragraph 357 for lack of knowledge or information sufficient to form a belief as to their truth.

358. Denies the allegations contained in paragraph 358 for lack of knowledge or information sufficient to form a belief as to their truth.

359. Denies the allegations contained in paragraph 359.

360. Admits the allegations contained paragraph 360 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the

allegations.

361. Denies the allegations contained in paragraph 361.

362. Denies the allegations contained in paragraph 362.

363. Denies the allegations contained in paragraph 363.

364. Denies the allegations contained in paragraph 364 for lack of knowledge or information sufficient to form a belief as to their truth.

365. Denies the allegations contained in paragraph 365 for lack of knowledge or information sufficient to form a belief as to their truth.

366. Denies the allegations contained in paragraph 366.

367. Stricken

367. Stricken

268. Stricken

369. Stricken

370. Stricken

371. Stricken

372. Stricken

373. Stricken

374. Stricken

375. Admits the allegations contained paragraph 375 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

376. Denies the allegations contained in paragraph 376.

377. Defendant incorporates by reference its responses contained in paragraphs 1 through 376 of its answer as though fully set forth here.

378. Denies the allegations contained in paragraph 378.

379. Denies the allegations contained in paragraph 379.

380. Denies the allegations contained in paragraph 380.

381. Denies the allegations contained in paragraph 381.

382. Denies the allegations contained in paragraph 382.

383. Denies the allegations contained in paragraph 383.

384. Denies the allegations contained in paragraph 384.

385. Denies the allegations contained in paragraph 385.

386. Denies the allegations contained in paragraph 386.

387. Denies the allegations contained in paragraph 387.

388. Denies the allegations contained in paragraph 388.

389. Denies the allegations contained in paragraph 389.

390. The allegations contained in paragraph 390 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 390, or to any relief whatsoever.

391. Defendant incorporates by reference its responses contained in paragraphs 1 through 390 of its answer as though fully set forth here.

392. Denies the allegations contained in paragraph 392.

393. Denies the allegations contained in paragraph 393.

394. Denies the allegations contained in paragraph 394.

395. Denies the allegations contained in paragraph 395.

396. Denies the allegations contained in paragraph 396.

397. Denies the allegations contained in paragraph 397.

398. Denies the allegations contained in paragraph 398.

399. Denies the allegations contained in paragraph 399.

400. Denies the allegations contained in paragraph 400.

401. Denies the allegations contained in paragraph 401.

402. Denies the allegations contained in paragraph 402.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 402, or to any relief whatsoever.

403. Defendant incorporates by reference its responses contained in paragraphs 1 through 402 of its answer as though fully set forth here.

404. Denies the allegations contained in paragraph 404 for lack of knowledge or information sufficient to form a belief as to their truth.

405. Denies the allegations contained in paragraph 405.

406. Denies the allegations contained in paragraph 406 for lack of knowledge or information sufficient to form a belief as to their truth.

407. Denies the allegations contained in paragraph 407 for lack of knowledge or information sufficient to form a belief as to their truth.

408. Denies the allegations contained in paragraph 408.

409. Denies the allegations contained in paragraph 409 for lack of knowledge or information sufficient to form a belief as to their truth.

410. Denies the allegations contained in paragraph 410 for lack of knowledge or information sufficient to form a belief as to their truth.

411. Denies the allegations contained in paragraph 411.

412. The allegations contained in paragraph 412 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

413. Denies the allegations contained in paragraph 413.

414. The allegations contained in paragraph 414 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

415. Denies the allegations contained in paragraph 415.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 415, or to any relief whatsoever.

416. Defendant incorporates by reference its responses contained in paragraphs 1 through 415 of its answer as though fully set forth here.

417. Denies the allegations contained in paragraph 417 for lack of knowledge or information sufficient to form a belief as to their truth.

418. Denies the allegations contained in paragraph 418 for lack of knowledge or information sufficient to form a belief as to their truth.

419. Denies the allegations contained in paragraph 419 for lack of knowledge or information sufficient to form a belief as to their truth.

420. Denies the allegations contained in paragraph 420.

421. Denies the allegations contained in paragraph 421 for lack of knowledge or information sufficient to form a belief as to their truth.

422. Denies the allegations contained in paragraph 422 for lack of knowledge or information sufficient to form a belief as to their truth.

423. Denies the allegations contained in paragraph 423.

424. The allegations contained in paragraph 424 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

425. Denies the allegations contained in paragraph 425.

426. The allegations contained in paragraph 426 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

427. Denies the allegations contained in paragraph 427.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 427, or to any relief whatsoever.

428. Defendant incorporates by reference its responses contained in paragraphs 1 through 427 of its answer as though fully set forth here.

429. Denies the allegations contained in paragraph 429.

430. Admits that plaintiff was required to obtain additional gauges and calibration valves; denies the remaining allegations contained in paragraph 430.

431. Denies the allegations contained in paragraph 431.

432. The allegations contained in paragraph 432 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

433. The allegations contained in paragraph 433 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

434. Denies the allegations contained in paragraph 434.

435. Denies the allegations contained in paragraph 435.

436. Denies the allegations contained in paragraph 436.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 436, or to any relief whatsoever.

437. Defendant incorporates by reference its responses contained in paragraphs 1 through 436 of its answer as though fully set forth here.

438. The allegations contained in paragraph 438 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

439. Denies the allegations contained in paragraph 439.

440. Denies the allegations contained in paragraph 440.

441. The allegations contained in paragraph 441 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

442. Denies the allegations contained in paragraph 442.

443. Denies the allegations contained in paragraph 443.

444. Admits the allegations contained in paragraph 444.

445. Denies the allegations contained in paragraph 445.

446. Admits that the contract required that plaintiff design two SDC segments.

447. Denies the allegations contained in paragraph 447.

448. Denies the allegations contained in paragraph 448.

449. Admits that plaintiff was required to obtain additional gauges and calibration valves; denies the remaining allegations contained in paragraph 449.

450. Denies the allegations contained in paragraph 450.

451. Denies the allegations contained in paragraph 451.

452. Denies the allegations contained in paragraph 452.

453. The allegations contained in paragraph 453 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 453, or to any relief whatsoever.

454. Defendant incorporates by reference its responses contained in paragraphs 1 through 453 of its answer as though fully set forth here.

455. The allegations contained in paragraph 455 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

456. The allegations contained in paragraph 456 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

457. Denies the allegations contained in paragraph 457.

458. Denies the allegations contained in paragraph 458.

459. Denies the allegations contained in paragraph 459 for lack of knowledge or information sufficient to form a belief as to their truth.

460. Denies the allegations contained in paragraph 460.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 460, or to any relief whatsoever.

461. Defendant incorporates by reference its responses contained in paragraphs 1 through 460 of its answer as though fully set forth here.

462. The allegations contained in paragraph 462 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

463. Denies the allegations contained in paragraph 463.

464. Denies the allegations contained in paragraph 464.

465. Denies the allegations contained in paragraph 465.

466. Denies the allegations contained in paragraph 466 for lack of knowledge or information sufficient to form a belief as to their truth.

467. Denies the allegations contained in paragraph 467.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 467, or to any relief whatsoever.

468. Defendant incorporates by reference its responses contained in paragraphs 1 through 467 of its answer as though fully set forth here.

469. The allegations contained in paragraph 469 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

470. Denies the allegations contained in paragraph 470.

471. Denies the allegations contained in paragraph 471.

472. Denies the allegations contained in paragraph 472.

473. Denies the allegations contained in paragraph 473 for lack of knowledge or information sufficient to form a belief as to their truth.

474. Denies the allegations contained in paragraph 474.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 474, or to any relief whatsoever.

475. Defendant incorporates by reference its responses contained in paragraphs 1 through 474 of its answer as though fully set forth here.

476. Denies the allegations contained in paragraph 476.

477. Denies the allegations contained in paragraph 477.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 477, or to any relief whatsoever.

478. Defendant incorporates by reference its responses contained in paragraphs 1 through 477 of its answer as though fully set forth here.

479. Admits the allegations contained paragraph 479 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

480. Denies the allegations contained in paragraph 480.

481. Denies the allegations contained in paragraph 481.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 481, or to any relief whatsoever.

482. Defendant incorporates by reference its responses contained in paragraphs 1 through 481 of its answer as though fully set forth here.

483. Denies the allegations contained in paragraph 483.

484. The allegations contained in paragraph 484 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 484, or to any relief whatsoever.

485. Defendant denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

FIRST AFFIRMATIVE DEFENSE

To the extent plaintiff seeks damages for work covered by contract modifications P00001, P00002, P00005, P00006 and P00009, such claims are barred by accord and satisfaction.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by illegality as a result of submitting a false claim.

SPECIAL DEFENSE BY WAY OF COUNTERCLAIM

486. This counterclaim arises pursuant to the forfeiture statute, 28 U.S.C. § 2514, the anti-fraud provision of the Contract Disputes Act, 41 U.S.C. § 604, and the False Claims Act, 31 U.S.C. §§ 3729-3733. The Court possesses jurisdiction pursuant to 28 U.S.C. §§ 1503 and 2508.

487. Defendant and counterclaim plaintiff is the United States.

488. Plaintiff and counterclaim defendant is Environmental Tectonics Corporation ("ETC").

Factual Background

489. In 1998, the U.S. Navy awarded a contract to ETC to design, fabricate, assemble, test, and deliver a pair of submarine decompression chambers ("SDCs"), in the amount of $3,241,343.58. The contract required final delivery within two years after contract award. Contract modifications increased the contract price by $189,960.58 to $3,431,304.16, and extended the completion date to August 31, 2003. As of May 1, 2007, fabrication of the SDC segments was nearing completion. The delivery date is unknown at this time.

490. The SDC segments are part of a Submarine Decompression System ("SDS"), which is part of the Submarine Rescue Diving and Recompression System ("SRDRS"). The SRDRS is designed to rescue submariners from disabled submarines, and to provide decompression treatment if needed. Because the system must be able to quickly respond to a disabled submarine anywhere in the world, its components must be transportable by air, land, and sea.

491. On November 7, 2002, ETC submitted a draft request for equitable adjustment ("REA") in the amount of $3,668,554. ETC later submitted claim amendments that increased the total of the claim to $6,028,093. The contracting officer denied ETC's claim in full on July 22, 2004.

492. On July 11, 2005, ETC filed a complaint in the United States Court of Federal Claims that sought $9,109,617.50. On May 16, 2006, ETC filed an amended complaint that sought $7,995,398.00.

493. From the outset, ETC intended to attempt to recoup all incurred costs, plus 30 percent profit, from the Navy. In effect, ETC calculated its damages as though it were a total cost claim, that is, by adding all labor, material, and indirect costs incurred, and the estimated costs to complete, and then subtracting the contract price. Instead of submitting a total cost claim, however, ETC arbitrarily allocated those costs to the various technical issues that ETC claimed were the fault of the Government.

494. According to a former ETC employee, William Mitchell. Sr., ETC's chief executive officer, directed employees to create a claim that would ensure that ETC could recoup all costs incurred in connection with the SDC project. Mr. Mitchell, Sr. directed the members of ETC's claim committee to inflate the amount of the claim; originally he

told them to generate a claim that amounted to $3.6 million, and later told them to double that amount to $7.2 million. The final methodology utilized by ETC in generating its claim was to come up with 23 technical areas in which ETC experienced cost over-runs, irrespective of whether the Navy was responsible for the cost over-runs, and then arbitrarily assign labor hours to the claim items. ETC was aware that the claim included costs, relating to technical issues, that were not the responsibility of the Navy.

In generating its claim, ETC made no attempt to deduct for its own deficiencies, such as lack of manpower, lack of qualified personnel, poor management, and technical problems for which ETC was solely responsible.

495. According to a former employee, the following claim items were not only the responsibility of ETC, but that ETC recognized that ETC was so responsible: (1) The second time the piping design had to be scrapped was due to ETC's incompetence because it was laid out without regard to other aspects of the design; it conflicted with other areas of the design; and the human factors requirements were not met; those hours, however, are included in the claim. (2) All of the FEA work done by the first three FEA analysts used by ETC was scrapped; those hours, however, are included in the claim. (3) ETC accomplished no useful designs during the first three to four months of the contract; those hours, however, are included in the claim. (4) ETC's staff for both manufacturing and engineering were pulled off the SDCs to work on other projects; the impact in terms of loss of productivity was not considered. (5) The issue pertaining to the manway rings was due to ETC improperly welding it; those hours, however, are included in the claim.

496. According to a former employee, he is unaware of any effort that ETC made in generating its claim to deduct for its own deficiencies, such as lack of manpower, lack of

qualified personnel, poor management, and technical problems for which ETC was solely responsible.

497. Numerous internal e-mails and other documents demonstrate that ETC knowingly submitted a certified claim to the Navy that was false and fraudulent. These documents demonstrate that: (1) ETC set the amount of the claim before performing an analysis; (2) ETC included amounts for technical issues for which ETC knew it was responsible; (3) ETC deliberately and arbitrarily moved labor hours from the indirect cost category to the direct cost category so that those hours could be included in its claim; (4) ETC deliberately and arbitrarily assigned a percentage of each ETC's employee's time to the SDC project; (5) ETC knowingly used incorrect overhead and G&A rates in its claim; (6) ETC included costs for technical issues that it knew were covered by bilateral contract modifications; (7) ETC included costs for months of FEA analysis that ETC knew was a wasted effort because of the incompetence of the FEA analysts; and (8) ETC included amounts that are wholly unsupported.

498. In a September 10, 2002 e-mail, from William Mitchell, Sr. to members of the claim committee, Mr. Mitchell stated: "You will need to ask for a great deal more if you expect to get $2.8 mil. We must assume: 1. Our cost to complete is always at least 50% low. 2. The time to complete is always at least twice as long. The Navy will want to settle at 45 cents on the dollar. Please note the big picture. The original contract was a build to print. The present contract is a development contract."

499. In a September 27, 2002 email to in-house counsel, a member of the claims committee wrote: In terms of Mechanical Engineering, Mechanical Design and Drafting hours, we are approximately 23,300 hours over budget. In past meetings we have

attributed 13,000 hours of the overrun to the piping and control panel layout. (NOTE- I believe Rob Reed has a problem with ETC claiming all 13,000 hours are attributable to the Govt. He blames much of the overrun on ETC's own inefficiencies. Despite my explanation that the Govt takes the efficient workers along with the inefficient workers and that the solution always seems clear in hindsight, he remains unconvinced.) In yesterday's meeting I convinced the group that we should start by attempting to figure out where the remaining 10,300 hours of overrun went. They then listed categories and attempted to put estimated hours into those categories. Thus, there is now a preliminary spreadsheet which lists estimated overruns in various areas of the design, some of which are claimable. Note that the quantum effort is further complicated by the fact that some of the work ETC cites in the REA (such as complications in the FEA analysis, Pipe and Tubing Flexibility Analysis, etc.) cannot be claimed from a quantum standpoint because they were done by Onur when he was charging indirect to training. I have left them in the REA for delay purposes."

500. In his September 28, 2002 email response in-house counsel wrote: "you are generally approaching this correctly, except that, for purposes of an REA anyway, we may want to claim Onur's FEA etc. time if it's a lot. How much is it? (I'm still ticked off if someone has been playing games and hiding project costs this way. You are correct to dismiss Rob Reed's reservations. Engineers are always looking at things in hindsight, and thinking they always knew what they know now because the "truth" lies in some Platonic plane unaffected by time and history. They also tend to be quite critical of the work of others in the same discipline. They do have an ego problem (unlike us lawyers). We will not involve him in any presentations regarding the REA, will muzzle him insofar

as any other discussions about it with the Navy are concerned, and if we have to use him in some later proceeding will whip him into shape before we do."

501. In an October 28, 2002 memo, an ETC officer stated that the accounting adjustments involving moving indirect labor charges to the direct labor charges to the project "will impact overall job costs as well as the Navy claim numbers."

502. In a November 5, 2002 email, a member of the claims committee wrote: "here are the total hours and time frame of indirect charges that need to be transferred to the USN project."

503. In his November 5, 2002 email response to the November 5, 2002 email, a member of the accounting department wrote: "I was going to use this e-mail to make a one time adjustment to the cost records. Do we need to go back and have each relevant time sheet corrected and initialed by the PM [project manager]?"

504. In a November 20, 2002 email, a member of the claims committee indicated that ETC had moved thousands of hours from indirect charge numbers to the SDC contract.

505. In a January 6, 2003 email, a member of the claims committee stated: "Our latest projected total manufacturing cost to complete the whole contract is now estimated at $4,780,987.00. If we add 30% G&A and 10.0% profit (per the original contract) we come out to a total estimated contract value of $6,836,811.00. If we add the current claim value $3,668,554.00 to the original contract value of $3,241,343.00 then then (sic) number is $6,909,897.00."

506. In a January 7, 2003 e-mail, William Mitchell, Sr. responded: "Your claim is way understated. What are your plans to correct the claim?"

507. In a January 16, 2003 e-mail, a member of the claims committee stated that in the

attached spreadsheet was the calculation of the amount ETC need to get from the claim in order to make 30% gross. The spreadsheet attached to the e-mail indicates: "Claim - Must Get to make 30% 3,441,758."

508. In a February 3, 2003 email, to a member of the claims committee, in-house counsel wrote: “apart from recharacterizing indirect labor which should have been direct-charged, and assuming the going forward estimates are realistic in the sense of taking account of inefficiencies associated with doing this work on such a delayed and stretched-out basis, it seems to me this pretty much taps us out on the number of claimable hours associated with the categories you describe.”

509. In a September 10, 2003 email, to a member of the claims committee, an ETC officer wrote: “My suggestion: Give him [Steve Simon, DCAA Auditor] the 1st quarter rates and mention that they are subject to adjustment when 2nd quarter rates are determined. By the time we get the audit report to comment on, you will have the 2nd quarter rates & we can go for the adjustment, if necessary (of course, it could work both ways- the adjustment could be downward- in which case we’ll be silent).”

510. In his September 10, 2003, a member of the claims committee wrote: “The target number is $76,000. How about: 320 welds @ $65 = $20,800, 3680 welds @ $15 = $55,200.”

511. In a February 10, 2004 memorandum from DCAA to the Naval Criminal Investigation Service (“NCIS”), DCAA reported that ETC had mis-charged costs and that ETC’s mis-charging served to increase the value of ETC’s certified claim. In the memo, DCAA provided "information which suggests a reasonable basis for suspicion of fraud, corruption, or other unlawful activity affecting Government contracts." It was DCAA’s

opinion that the following accounting practices that ETC used in developing its certified claim should be further investigated by NCIS: accounting mis-charging, as a possible violation of FAR 31; accounting mis-charging - Improper Transfer; False Claims/Certifications - Equitable Adjustment Claim; and materials - claimed costs that have already been paid.

512. ETC has claimed amounts due to technical issues that were the subject matter of bilateral modifications. For example, in contract modification P00001, the Navy decreased the maximum weight of the SDCs. In exchange the Navy agreed that the anti-corrosion specification would be waived, and that the internal pressure of the SDCs would be reduced. There is no documentary or testimonial evidence that ETC's execution of this modification, for which no time extension or additional funds were sought or included, and in which ETC released its claims, was anything but knowing and voluntary. Yet, in its complaint, ETC is claiming a total of approximately $1 million for issues relating to the Navy's decrease in the maximum allowable weight of the SDCs. In addition, bilateral modification P00006 compensated ETC for the engineering effort involved in moving the environmental control unit to the exterior of the SDC. ETC, in its complaint, is seeking an additional $79,611 for this change. Finally, bilateral modification P00005 compensated ETC for having to provide additional design submittals. ETC is claiming an additional $35,355 for this issue.

513. ETC is seeking at least $3.4 million for costs allegedly attributable to Navy-caused delays during performance of the contract. ETC, however, has produced no contemporaneously generated documents, such as a critical path method (CPM") analysis, to support its allegation that the government caused a quantifiable delay during

the performance of the contract; has not retained a scheduling expert to perform a CPM analysis to support its delay claim; and none of the witnesses who were deposed in this matter have performed any analysis in support of ETC's delay claim. Moreover, during performance of the contract, ETC never requested time extensions for the delays that it now claims were the responsibility of the government. According to our expert, there is no period of critical path delay for which the Navy is solely responsible. In short, ETC is claiming over $3 million in delay damages without any analysis whatsoever to support its claim, from either a scheduling or from a technical standpoint. Moreover, ETC does not intend to present a scheduling expert at trial.

514. According to the Government's damages expert, ETC did not adequately document or support any of its claimed damages. Based upon its review of the entire population of documents provided by ETC, the expert concluded that ETC had virtually no support for the majority of the amounts claimed. Furthermore, for those elements for which ETC did provide some calculations, the level of detail was inadequate for assessing reasonableness. The expert questioned all of ETC's claimed amounts, as did the Defense Contract Audit Agency.

515. In October 2006, Government counsel, during a conference in chambers regarding discovery issues, raised the possibility with counsel for ETC that ETC's claim might be false. In addition, a former employee, who was a member of the claims committee, met with Brian Bannon and Alan Freidman, two of ETC's attorneys, in the fall of 2006, and answered all of Mr. Bannon's and Mr. Friedman's questions about ETC's performance of the contract, and ETC's claim, and offered them his opinions regarding the falsity of much of that claim.

<u>ETC's False Or Fraudulent Claims</u>

516. ETC's claim is inaccurate and false or fraudulent.

517. ETC knowingly and deliberately certified entitlement to $$7,995,398.00. in costs that were not incurred as the result of the Government's actions.

<u>Count I</u>

Forfeiture Of Fraudulent Claims, 28 U.S.C. § 2514

518.. The United States incorporates by reference the allegations set forth in paragraphs 486 through 517 above.

519. ETC practiced or attempted to practice fraud against the United States in the proof, statement, establishment, or allowance of the claims identified in the paragraphs above. Namely, ETC falsified its claims against the United States when it presented its claim to the contracting officer and when it presented its claim to this Court for costs with the intent to cause the Government to pay ETC more than the amount to which ETC knows it is entitled pursuant to under the contract if it establishes at trial the liability of the Government.

520. Therefore, ETC is liable for the forfeiture of its claim, in its entirety, pursuant to 28 U.S.C. § 2514.

<u>Count II</u>

Contract Disputes Act, 41 U.S.C. § 604

521. The United States incorporates by reference the allegations set forth in paragraphs 486 through 520 above.

522. ETC is unable to support its claim as alleged above due to misrepresentations of fact or fraud.

523. Therefore, ETC is liable to the United States pursuant to the Contract Disputes Act, 41 U.S.C. § 604, for its unsupported claims, plus the Government's costs attributable to reviewing that claim.

Count III

False Claims Act – Presentation of False Claims, 31 U.S.C. § 3729(a)(1)

524. The United States incorporates by reference the allegations set forth in paragraphs 486 through 523 above.

525. For purposes of obtaining payment or approval, ETC knowingly presented, or caused to be presented, false or fraudulent claims to officers or employees of the United States.

526. Therefore, DeAtley is liable pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1), for a civil penalty of not less than $5,500 and not more than $11,000 for each claim presented.

Prayer For Relief

WHEREFORE, the United States requests that judgment be entered in its favor and against ETC as follows:

(a) on Count I (Forfeiture of Fraudulent Claims), for forfeiture of Plaintiff's entire claim;

(b) on Count II (Contract Disputes Act), for damages in the amount of $7,995,398.00, plus the Government's cost of reviewing such claims;

(c) on Count III (False Claims Act – Presentation of False Claims), for such civil penalties as are allowable by law;

(f) and for such other and further relief as the Court may deem appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

<u>OF COUNSEL</u>:

DAVID L. KOMAN
Senior Trial Attorney
Litigation Office
Office of the General Counsel
720 Kennon Street, S.E., Bldg. 36
Washington Navy Yard, DC 20374-5013
202-685-6984
202-685-7036 (Fax)

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

June 4, 2007

Attorneys for Defendant